## No. 10,803.

### JEAN APOLINAIRE VS. L. ROCA.

1. Placing claims for collection in the hands of a "Bad Debt Collecting Agency" will not give an action for damages, when it is not proven that the threats made by the agency to place the debtor's name in the list of those who can pay and are unwilling, nor that the threats made to advertise the account for sale, were carried out.

2. Sending pressing and annoying letters, by the creditor to his debtor, urging him to pay, is not actionable, it not being proven that any publication has been made of their contents, or any steps taken which could oppress and injure the debtor.

APPEAL from the Civil District Court, Parish of Orleans. *Rightor, J.*

*Branch K. Miller* and *A. L. Tissot* for Plaintiff and Appellant.

*Rice & Armstrong* for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.   This is an action sounding in damages to recover the sum of $5000.

Plaintiff alleges, that as a carpenter he has earned a living for himself and family.

That he was in partnership with his son, and was able to obtain credit from dealers in lumber for building materials, needed in carrying on his trade.

That he and his son undertook to construct a certain building in accordance with a contract previously entered into by them.

That they were unable to carry out their contract, owing to miscalculation on their part.

To fulfill his engagement, under the contract, he had incurred debts he was unable to meet.

That he in consequence lost his savings accumulated by thrift and industry.

That among his debts was one of $87 due to the defendant.

That he always acknowledged this indebtedness and promised to pay as soon as able.

That the defendant after considerable dunning resorted to threats to wantonly and maliciously injure him.

That as he was without means he could not pay.

That thereupon the defendant employed the "Sprague Bad Debt Collecting Agency" of Chicago, Illinois, to assist in defaming and slandering him.

That they sent letters and circulars for the purpose of injuring him, and that they destroyed his credit.

The defendant excepted to plaintiffs' action on the ground that it is not alleged whether the publications of the duns and threats were oral, written or printed, nor by whom these publications were made.

The exception was maintained and a supplemental petition filed.

Issue was joined by the plea of general denial.

The case was tried by jury who found a verdict for defendant.

From the judgment rejecting his demand plaintiff appeals.

At the commencement of the trial counsel for defendant objected to the reading to the jury of the dunning letters annexed to the petition because they purport to be and are alleged to have been written to the plaintiff himself, and there is no allegation in the petition that they were ever published in any manner, and, therefore, did not constitute a cause of action and should not be submitted to the jury.

The court allowed the attorney for plaintiff to merely read to the jury the documents annexed to the petition, and of which they formed a part, and reserved the question of admissibility.

Afterwards the reservation was recalled and the documents were admitted unconditionally.

The plaintiff having testified that he called on the defendant to make a partial payment, also upon his attorneys, at the time; neither would receive the amount; that he was referred to before named collecting agency,—the court held that the proper foundation had been laid, admitted the documents annexed to his petition as before stated.

Our conclusions in this case make it unnecessary to pass upon all the questions presented in the bill of exceptions.

A bill of exception was taken to the courts ruling in excluding evidence offered to prove that the defendant was a member of the "Lumbermen's Protective Association," which has for its object the collecting of information for its members in regard to the business

standing of persons buying materials who are in bad repute in regard to credit.

It was objected that the evidence did not connect the "Lumbermen's Protective Association" with the "Sprague Collecting Agency" as one of its branches for effecting collections. Under the allegations it was not admissible. It was not proven that the defendant sought to collect his bill through the "Lumbermen's Protective Association."

There was no error in the court's ruling.

## ON THE MERITS.

The account had remained past due some time. It was placed in the hands of attorney for collection; afterward it was sent to the "Bad Debt Collecting Agency," of Chicago.

It was proven that this agency addressed letters to plaintiff in terms annoying and offensive.

They threatened, if he did not pay, to put his name in the list of debtors able and unwilling to pay, also to advertise the account for sale.

As a matter of good taste and proper consideration these letters can not meet with approval.

They relied upon stinging expressions to effect the collection. The sending of such letters by a creditor has been held not to be a publication, and not actionable.

It is not proven that the threats were executed in any manner.

In addition to the threats contained in these letters, the plaintiff testifies that the defendant expressed a desire to crush him. The charge is not proven. The attorney who had the claim, and who is said to have communicated the threat, was not called as a witness.

Difference in statement arose between the plaintiff and the defendant, as witnesses, about this threat. The latter denies, the former affirms; the affirmative testimony trenches upon the hearsay; the plaintiff testified that he was told of threats to crush him.

The testimony fails to establish the facts alleged and that the plaintiff has suffered injury.

The verdict of the jury is correct.

Judgment affirmed.